

**FILED & ENTERED**

APR 12 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SHAHRIAR JOSEPH ZARGAR and SHABNAM MESACHI,<br><br>Debtors. | Case No. 2:18-bk-11525-RK<br><br>Chapter 11<br><br>**ORDER ON DEBTORS' MOTION FOR ORDER APPROVING BUDGET AND AUTHORIZING PAYMENT OF DEBTORS' REASONABLE LIVING EXPENSES** |

  Pending before this court is Debtors Shahriar Joseph Zargar and Shabnam Mesachi's Motion for Order Approving Budget and Authorizing Payment of Debtors' Reasonable Living Expenses ("Motion") (Docket No. 27) filed on March 13, 2018. Debtors filed and served their Motion pursuant to Local Bankruptcy Rule 9013-1(o) which allows the court the opportunity to grant a motion without a hearing, if there is no opposition to the motion. On April 11, 2018, Debtors filed a declaration regarding no opposition to the Motion (Docket No. 32). For the reasons stated below, the court hereby denies the Motion without prejudice.

  A district court in Maryland observed that "some bankruptcy courts have found that individuals operating as Chapter 11 debtors-in-possession may use estate property

1 on personal expenses without notice and a hearing so long as such expenses are in the
2 'ordinary course' rather than unusual or extraordinary." *In re Massenburg*, 554 B.R.
3 769, 755 (D. Md. 2016), citing, *In re Seely*, 492 B.R. 284, 290 (Bankr. C.D. Cal. 2013)
4 (Bluebond, J.) and *In re Bradley*, 185 B.R. 7, 8-9 (Bankr. W.D.N.Y. 1995).  Judge
5 Bluebond in her opinion in *Seely* stated that an individual Chapter 11 debtor may use
6 estate funds without court approval to pay for living expenses so long as such expenses
7 were in the "ordinary course."  492 B.R. at 290.  However, ordinary course means
8 ordinary course.  See *In re Dant & Russell, Inc.*, 853 F.2d 700, 704-705 (9th Cir. 2008).
9      Moreover, if the use of estate funds to pay Debtors' living expenses is not in the
10 "ordinary course," such use is subject to the general requirements of 11 U.S.C. §
11 363(b)(1) and applicable case law.  *Id*.  That is, if the proposed use of estate funds for
12 personal living expenses is not within the ordinary course of business, a debtor-in-
13 possession (or trustee) may use, sell or lease estate property only after notice and a
14 hearing and upon a showing of exercise of reasonable business judgment for such use
15 outside the ordinary course of business.  See, *In re Mark Vincent Kaplan*, No. 2:15-bk-
16 16187 RK Chapter 11 (Bankr. C.D. Cal., order filed and entered on June 11, 2015)
17 (Kwan, J.), *citing*, 3 March, Ahart and Shapiro, *California Practice Guide:  Bankruptcy*,
18 ¶¶ 14:75 and 14:595 at 14(I)-6 and 14(I) at 49 (2014), *citing inter alia*, *In re Lionel Corp.*,
19 722 F.2d. 1063, 1070 (2nd Cir. 1983) and *In re Ernest Home Ctr., Inc.*, 209 B.R. 974,
20 979 (Bankr. W.D. Wash. 1997).
21      This court in *In re Kaplan* noted that in *In re Villalobos*, BAP Nos. NV-11-1061
22 HKwJu and NV-11-1082 HKwJu, 2011 WL 4485793 (9th Cir. BAP 2011) (unpublished
23 memorandum opinion), the Bankruptcy Appellate Panel of the Ninth Circuit reversed the
24 order of the bankruptcy court approving the individual Chapter 11 debtor's personal
25 living expenses on grounds that the bankruptcy court failed to issue sufficient findings of
26 facts and conclusions of law to support approval or disapproval of the expenses in the
27 debtor's proposed budget as well as to support the approval of the debtor's budget nunc
28 pro tunc to the petition date. *In re Mark Vincent Kaplan*, slip op. at *4, *citing, In re*

*Villalobos*, BAP Nos. NV-11-1061 HKwJu and NV-11-1082 HKwJu, 2011 WL 4485793, slip op. at **8-9 and no. 13.  The Bankruptcy Appellate Panel of the Ninth Circuit in *In re Villalobos* stated: "[g]iven the uncertainty in this area of the law [i.e., post-BAPCPA], the identification of the proper Bankruptcy Code section for approval or personal expenses of individual Chapter 11 debtors, it is all the more important for the bankruptcy court to articulate the legal rule being applied and the explicit findings of fact that support the legal rule." *Id.*, slip op. at *9.

IT IS SO ORDERED.

###

Date: April 12, 2018

_____
Robert Kwan
United States Bankruptcy Judge