| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| COURT PREPARED ORDER<br><br>☐ *Movant appearing without an attorney*<br>☐ *Attorney for Movant* | **FILED & ENTERED**<br><br>**JUL 16 2018**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bakchell  DEPUTY CLERK** |

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>SHAHRIAR JOSEPH ZARGAR and<br>SHABNAM MESACHI,<br><br><br><br><br><br><br><br><br><br>                                                                    Debtor. | CASE NO.  2:18-BK-11525-RK<br>CHAPTER 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: August 7, 2018<br>TIME: 2:30 p.m.<br>COURTROOM: 1675<br>PLACE: 255 E. Temple Street, Los Angeles, CA 90012 |
| **MOVANT:** BEHROUZ SHADSIRAT | |

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Actions:

   Name of Nonbankruptcy Actions: (1) *B. Shadsirat v. National Cash, Inc., et al.;* (2) *B. Shadsirat v. Joseph Zargar*

   Docket number: *Superior Court of California, County of Los Angeles, Civil Division:* (1) *Case Number LC099055 (Van Nuys Courthouse East) and* (2) *Case Number BC655599 (Stanley Mosk Courthouse)*

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: *Superior Court of California, County of Los Angeles, Civil Division: (1) Van Nuys Courthouse East; (2) Stanley Mosk Courthouse*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other (*specify*):

    Pending before the court is the motion of Behrouz Shadsirat for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow him to continue to prosecute two civil actions in the Superior Court of California, County of Los Angeles, Civil Division, Behrouz Shadsirat v. National Cash, Inc., et al., Case Number LC099055 (Van Nuys Courthouse East) and Behrouz Shadsirat v. Joseph Zargar, Case Number BC 655599 (Stanley Mosk Courthouse).  Hearings on the motion before the court was conducted on June 5, 2018 and July 3, 2018, and a further hearing on the motion was set for August 7, 2018 at 2:30 p.m., pending resolution of movant's motions to remand these two civil actions removed to this court by Debtors Shahriar Joseph Zargar and Shabnam Mesachi from the Superior Court of California, County of Los Angeles, Civil Division, Van Nuys Courthouse East and Stanley Mosk Courthouse.  Appearances were made at the hearings on June 5, 2018 and July 3, 2018 by Rosendo Gonzalez, of the law firm of Gonzalez & Gonzalez Law, P.C., for Behrouz Shadsirat as Movant, and Ashley M. McDow, of the law firm of Foley & Lardner LLP for Debtors as Respondents. Having considered the moving and opposing papers, and the oral and written arguments of the parties, pursuant to Local Bankruptcy Rule 9013-1(j), the court determines that further oral argument is not necessary, dispenses with it, takes the motion under submission, vacates the further hearing on the motion on August 7, 2018 and rules as follows:

    1. Grant Debtors' motion to strike Behrouz Shadsirat's response to Debtors' opposition to motion for relief from the automatic stay for the reasons stated therein, that is, the response to the opposition was late without justification in violation of Local Bankruptcy Rule 9013-1(g).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014 | Page 2 | F 4001-1.RFS.NONBK.ORDER

2. As to declaration of Robert Gentino, sustain objection to the last objected to sentence of ¶ 6 as argumentative, objection to the words, "Based on substantial evidence relating to J. Zargar's mismanagement and misappropriation of NCI funds," in ¶ 6, objection to the words, "Not surprisingly" in ¶ 7 as argumentative, objection to ¶ 9 as irrelevant, objection to ¶ 14 as irrelevant, argumentative and lacking foundation and overrule the remaining objections.  Most of the information described in the declaration is summarizing the pleadings, orders and docket entries in the state court civil actions before the Superior Court of California, County of Los Angeles, and is thus of a preliminary nature under Federal Rule of Evidence 104, and the court does not give as much weight to Mr. Gentino's characterization of matters within the state court pleadings, orders and docket entries as the state court documents themselves, which the court finds admissible as properly authenticated and relevant under Federal Rules of Evidence 401 and 901.

3. Having granted Behrouz Shadsirat's motions to remand the two civil actions described above back to the state court based on consideration of the factors for equitable remand under 28 U.S.C. § 1452(b) set forth in *In re Cedar Funding, Inc.,* 419 B.R. 807, 820-821 and n. 18 (9th Cir. BAP 2009), *citing, In re Enron Corp.,* 296 B.R. 505, 508 n. 2 (C.D. Cal. 2003), the court determines that the factors for permissive abstention and related stay relief set forth by the Ninth Circuit in *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166-1167 (9th Cir. 1990) are substantially similar to the equitable remand factors cited in *In re Cedar Funding, Inc.,* and most of the factors supporting equitable remand support permissive abstention and related stay relief here now that the removed civil actions have been remanded to state court.  The court incorporates by reference its analyses in the memorandum decisions in the Adversary Proceeding Numbers 2:18-ap-01148 RK and 2:18-ap-01149 RK filed and entered on July 13, 2018 and July 16, 2018 on the motions of Behrouz Shadsirat to remand state court in support of granting stay relief to allow the remanded civil action to proceed in state court.  These circumstances indicate that cause is shown for stay relief pursuant to 11 U.S.C. § 362(d)(1).

4. Pursuant to the Ninth Circuit's teaching in *In re Conejo Enterprises, Inc.,* 96 F.3d 346, 352-354 (9th Cir. 1996), the court has considered the impact of Behrouz Shadsirat's filing of a proof of claim in this bankruptcy case based on his claims in the state court civil actions.   The court recognizes that the determination of the validity of the proof of claim is a core proceeding, but as discussed in the memorandum decisions on the motions for remand, the claims of Behrouz Shadsirat in the state court civil actions are noncore proceedings.  *See* 28 U.S.C. § 157(b)(2)(B); *In re Harris Pine Mills,* 44 F.3d 1431, 1435 (9th Cir. 1995).  The validity of the proof of claim, while a core proceeding, will be determined based on state law which give rise to the claims made by Shadsirat, and as discussed in the memorandum decisions on the remand motions, his claims have to be adjudicated somewhere, and it is more expeditious and efficient to have the

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014 — Page 3 — F 4001-1.RFS.NONBK.ORDER

claims adjudicated in state court which has a history of litigation proceedings in these matters in that court and the civil actions had been set for final status conferences and trials before that court.  Thus, the court exercises its discretion to permissively abstain and grant stay relief to allow Shadsirat's claims to be litigated to judgment in the state court.  The court determines that staying the state court action would not promote judicial economy by minimizing the duplication of litigation in two separate forums and promoting the efficient administration of the estate in this case because there have already been extensive litigation of these matters in the state court which was near conclusion before they were removed to this court, and now that the court has equitably remanded these matters to the state court, it would be inefficient not to grant stay relief to allow the remanded matters to be litigated in state court.  *In re Conejo Enterprises, Inc.,* 96 F.3d at 352-354.  The court further determines that staying the state court civil actions would not promote the interest of preserving a level playing field for negotiation of a consensual reorganization plan since Shadsirat's state law claims need to be determined and it is more expeditious and efficient to have the state court determine his claims.  *Id.*

IT IS SO ORDERED.

###

Date: July 16, 2018

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                         F 4001-1.RFS.NONBK.ORDER